May it please the court and counsel good morning your honors my name is Joanna Christians and I represent the appellant Matthew Elder in this case the first issue I'll address is the hearsay issue the district court erred in admitting hearsay through the testimony of Lori Cupp regarding the conversation that occurred between Matthew's father Bill or also referred to as William and Terry Ward after they returned from one trip to Arizona. In the district court the defendant objected to the admission of this testimony several times the government sought to admit the testimony basically the issue here is the in furtherance of the conspiracy element of the hearsay exception. We believe the government has not proven that this is in furtherance of the conspiracy in the district court the government argued the effect on Lori Cupp was what made this an immiscible statement. On appeal they have switched that and said that the effect between Bill and Ward is the reason it was immiscible in the end for our purposes it doesn't matter because neither one of those three had any use for the information at the time that it was that it was conveyed if it's about Cupp she had no use for the information she knew they were late she knew that they have been shorted but they came back with enough enough methamphetamine for her purposes. It was idle chatter between two co-conspirators about the reason they were four days late coming back from Arizona. If it was about Bill and Ward they had four days in Arizona and then 18 hours driving back to discuss whether or not they were going to remove Matt from the conspiracy. If that is the reason that this is admissible the removal of Matt from the conspiracy did not happen until many months later there's no testimony whatsoever that this was the incident at the time that removed Matt from the conspiracy. There were other issues regarding money and drugs surrounding particularly money for a motorcycle surrounding the relationship between Matt and his father. It had a huge impact on the trial. Cupp was one of the few witnesses against Mr. Elder aside from Michael Coringa or was also referred to as Lannon in the record and Ward testified, Bill did not because he was a co-defendant, Ward testified and did not testify to this conversation or for the reason that they cut him out. So the inference prong in that issue is quite shaky. Well what about Lannon and Clark? Lannon and Clark did provide evidence and the unfortunate thing about the appeal as we stand is most of the trial was about Bill Elder and when we're narrowed down now to just Matthew there was very little evidence about him. And there was some, there was certainly testimony from Lannon and Clark or Coringa and Clark that he was sort of the middleman between Coringa and then Bill Elder. But it was shaky, they were uncertain as to times, as to dates, as to amounts, as to what exactly a substance was. It was very sketchy evidence, certainly not evidence overwhelming enough to defeat the harmless error standard in this case. Unless the court has questions on that, I do want to address the sentencing issue in this case which I think is... Well but the government agrees, right? The government agrees as to one of the convictions as to the 1997 paraphernalia conviction and we appreciate the government's agreement to that. Well doesn't Elder have to be resentenced? He does have to be resentenced and I would like to say that the most economic... Why not leave it to the district judge to resentence him? That was what I was going to say, Your Honor, is that at this point it might be prudent to send it back and allow full resentencing, not only on the issues that Matt could not raise because he was mandatory life whether he went to trial or not, but also the issues regarding the 1999 conviction which is unclear from the record. We believe because the government has not met its burden to show that this was a qualifying offense under subsection 44. But I do want to make the point absolutely that this has had a tremendous effect on Matt and that a full resentencing to allow him to raise all the issues that he was prevented from by being a mandatory life defendant would be the best way to deal with this case for a remand for resentencing. About the hearsay issue, isn't hearsay always admissible when it's deemed reliable? That's the last thing in Rule 807 or something. I think that's kind of the catch-all, the fallback position for hearsay. But I think in this situation, the government sought to have it under the co-conspirator exception. And if they're going to seek for that, and that's how the district court judge admitted it was under the co-conspirator exception, then they do have to meet all the elements of that exception. So unless the court has further questions about either one of these issues, I will reserve the remainder of my time for rebuttal. Okay, thank you, Ms. Fisher. Thank you. Mr. Rides? May it please the court, Brian Rides for the government. First, Judge Posner, this court can affirm on any grounds. So if this court wanted to go in the reliable hearsay, that would be a grounds to affirm. That being said, the government easily met the reasonable basis standard to admit this as a statement of a co-conspirator. I think defendant's argument premises that rule on that each distinct conversation must lead to concrete action. And that is not the way either the rules reads or how this court has interpreted. It's only if the statement is in furtherance in some way, and that can include updating co-conspirators, giving them background information. And here, I think either way you read or understand that statement, it qualifies. If it was Ward and Bill Elder talking to each other, they were discussing the status of the conspiracy. And essentially, they were angry, and perhaps they were going to expel Matt or not, which eventually did happen, though it didn't happen to meet the rule. The fact that there was distinct action coming from that statement surely means that it was in furtherance of the conspiracy. One of the things that you say is that Cup had an interest in being updated about the progress because of the tardy shipment, and that could affect customer satisfaction. But how would this information have helped Cup if the information was not provided in advance? Well, Cup was going to need to know how much methamphetamine was going to come from Ward or how much she was going to make. So it was necessary for her to know where her supply was going to come from. I think possibly one of the reasons if she wasn't informed until this time is because they rode back with two unidentified females, or half unidentified females, I should say, that were not part of the conspiracy. So I think it's likely they did not want to talk about the internal workings of the conspiracy around non-conspirators. So it seems like the first time they had a chance to inform Cup, they did. That was the second way. I think the government meets the reasonable basis that, yes, she was a low-level supplier, but still, even at that low level, she would need to know where her supply was going to come from, and that would lead to her making more meth on her own if necessary. So either way, the government met the reasonable basis standard, and there's no requirement that there must be a distinct action. There are no questions on that. I just wanted to mention the sentencing. The government agrees that there needs to be a remand for resentencing. I mean, certainly this court could go ahead and decide the issue about the second Arizona conviction, which I think certainly qualifies as in conduct relating to a drug offense, considering the offense is possession of equipment or chemicals in order to manufacture narcotic drugs. So I think that clearly meets the standard on that. I think on that, defendant's argument rests on two premises, which are incorrect. One, that elders' previous conviction actually had to have possession of a drug, which is not true because it only has to relate to a drug offense. And then two, it wasn't mentioned today too much, but I think in the briefing there was a lot of discussion about the fact that the Arizona statute had a laundry list of items. I think that 802.44's definition and Arizona's definition are significantly overlapping because 802.44 prevents its depressants, stimulants, anabolic steroids, marijuana, and narcotic drugs. The Arizona statute has five categories. Now, there are a lot of individual drugs within those categories, but the five categories almost exactly mirror those, being depressants, stimulants, anabolic steroids, cannabimetics, and hallucinogenic. But shouldn't there be full resentencing? I mean, even with supervised release, if we knock out some of the conditions, we send it back for full resentencing on the theory that the judge might have a different view once he's corrected on some error. Well, we agree that full resentencing is fine for the 20 years to life. We think that this court can go ahead and decide the fact that Elder has one prior felony drug conviction. But other than that, we have agreed that there needs to be a full remand. If there are no further questions for these reasons, this court should affirm the conviction and remand for resentencing. Okay, thank you, Mr. Rice. Thank you. Any other questions, then? Thank you, Your Honor. I think there are some holes in the government's theory about this hearsay. One is that these two women made it impossible for Bill and Ward to talk about the delay. I find that very hard to believe. Anyone who's been on a trip with 300 other people, you're not joined at the hip the whole time. If they were two other women who were not involved with the conspiracy, A, why were they there? And, B, they were probably left alone where the two men went to deal with the conspiracy, which would give them plenty of opportunity to talk about this. But what about Mr. Rice's point that hearsay is admissible if it's reliable? It doesn't have to be under this conspiracy. It certainly doesn't have to be, and that was not raised in their brief at all. I agree with him that this court can make a decision on any basis in the record. There's not much of that basis in the record. I question the reliability, and the primary reason I question the reliability of the statement is because Ward was part of the conversation as well, and he also testified pursuant to a cooperation agreement. And if he had remembered the statement as being so important to him and Bill, he would have testified about it, but he did not. So I also, the statement does not include any mention of expelling Matt from the conspiracy. It's simply that Matt was responsible for the delay and then the short of the drugs. And when we talk about short of the drugs, this was a significant amount of drugs, I believe six pounds, that they were shorted half a pound on. So supply, while it would have been limited, was certainly not nonexistent. There wasn't a hole in the methamphetamine in Evansville, Indiana, because this half pound didn't make it with them. Was it bad for business? Sure. But whatever their attitude toward him, toward Elder, the fact they're talking about him and he's clearly part of this drug conspiracy, that's, unless it's unreliable, it would be admissible to show as evidence that he's involved with them. Like I said, I think that we have an argument on both. I don't think it's a reliable statement either. I will address briefly the government's... What's unreliable? What's untruthful about it? My primary problem is that Ward didn't remember or testify to it. And if he was part of that conversation that was so clear in Laurie Kupp's mind, why wouldn't he have testified to it, particularly since he and Bill had the ability to kick a person out of the conspiracy or cut them out. Laurie Kupp did not. It didn't mean a whole lot to her. It just meant that she had less, and that's unquantifiable. But you're saying, but there was one witness, right? Kupp? Kupp? Yes. Kupp, whatever. Yeah. Why do you need more? I think if she was the only one testifying, for example, if Ward had also been a defendant, then there's not a whole lot to question her testimony. There's not a lot of what? To question her testimony on that. But when one of those other participants is also testifying but does not testify about that and does not remember it, then I think that certainly undercuts her credibility and reliability on that statement. What incentive would she have to lie about it? Well, certainly, I don't know if she was one of the mandatory life, but most of the people in this conspiracy qualified for mandatory life, and if they testified for the government, got those taken off, got the 851 taken off. She had been a methamphetamine user for 30 years. My guess is that she was a mandatory life qualifier and she was trying to save her own life. So who was the other one who didn't testify? Mr. Elder. William Elder. He was a co-defendant. But you said one of them didn't testify about this. Oh, Ward testified, but he didn't testify. Ward or whatever his name? Terry Ward, yeah. Why didn't he testify? No, he did testify. He didn't testify about this. Why didn't he testify about this? He didn't remember it. Was he asked about it? I believe he was. He was asked about the incident and gave no information about the conversation. And he said he didn't remember? I don't remember if he said he didn't remember or he testified about that and didn't include that as part of his testimony. Okay. Can I talk about the remand? I really do think of full resentencing. Yeah, no, there will be a full resentencing. Okay, then I won't belabor the point on the 1999 conviction. Thank you, Your Honor. Okay, well, thank you, Ms. Christensen and Mr. Wright.